UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KIMBERLY GREENBERG,

                Plaintiff,

-against-                                  23 **CIVIL** 4252 (KMK)

## JUDGMENT

VISITING NURSE SERVICES IN
WESTCHESTER, INC. and ANDREA
WINCHESTER,

                Defendants.
------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion & Order dated September 16, 2025, the Court has granted Defendants' Motion. Plaintiff has requested that if the Court grants Defendants' Motion, this Court should grant Plaintiff leave to file a Second Amended Complaint. (*See* Pl's Opp'n 24.) Leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (internal quotation marks and citation omitted). "Leave to amend, though liberally granted, may properly be denied for . . . 'repeated failure to cure deficiencies by amendments previously allowed' . . . [or] 'futility of amendment,'" among other reasons. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Plaintiff has already amended her complaint. (*See generally* Am. Compl.) "Generally, a plaintiff's failure to fix deficiencies in the previous pleading, after being provided notice of them, is alone sufficient ground to deny leave to amend." *Turnipseed v. Simply Orange Juice Co.*, No. 20-CV-8677, 2022 WL 657413, at *8 (S.D.N.Y. Mar. 4, 2022) (collecting cases); *see also Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l*

*Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." (italics omitted)). Moreover, Plaintiff has failed to otherwise suggest that she is "in possession of facts that would cure the deficiencies that Defendants highlighted in the instant [M]otion and that the Court highlighted in this [O]pinion." *Turnipseed*, 2022 WL 657413, at *8; *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if the plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint). Because this is the second explicit adjudication of Plaintiff's claims on the merits, the Amended Complaint is dismissed with prejudice. *See Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (holding that the plaintiff was not entitled to "a third go-around"); *Melvin v. County of Westchester*, No. 14-CV-2995, 2016 WL 1254394, at *24 n.19 (S.D.N.Y. Mar. 29, 2016) (granting a motion to dismiss with prejudice where "[the] [p]laintiff has already had two bites at the apple[,] and they have proven fruitless" (internal quotation marks and citation omitted)); accordingly, the case is closed.

**Dated:**  New York, New York

      September 17, 2025

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:**  *K. Mango*

**Deputy Clerk**